**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alexander Ifeanyi IJEMBA, Defendant—Appellant.**

**No. 02–50153.**

**D.C. No. CR–90–00872–WDK–03.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Alexander Ifeanyi Ijemba, a federal prisoner convicted as part of a conspiracy to import heroin for distribution, appeals the district court's denial of his motion for new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ijemba contends the district court improperly denied his motion for new trial, which sought relief based on *United States v. Cabrera*, 222 F.3d 590, 594 (9th Cir. 2000) (recognizing that appeals to racial, ethnic, or religious prejudice during trial

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Ijemba's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violate defendant's Fifth Amendment right to a fair trial). The district court concluded that Ijemba was not entitled to relief under either Federal Rule of Criminal Procedure 33 or Federal Rule of Civil Procedure 60(b), and it lacked jurisdiction to consider the motion as one made under 28 U.S.C. § 2255 because Ijemba had not complied with the requirements of 28 U.S.C. §§ 2244(b)(3)(A) and 2255 for filing a second or successive § 2255 motion. We find no reversible error.

**AFFIRMED.**[1]

1. All pending motions are denied.
* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.